IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ROCKY DALE DODSON,<br><br>    Defendant. | Case No. 3:21-cr-00099-TMB-KFR |

**FINAL REPORT AND RECOMMENDATION UPON A PLEA OF GUILTY**

Upon Defendant's request to enter a guilty plea, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, to Count One of the Indictment, charging a violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), Possession of a Controlled Substance with Intent to Distribute, [Doc. 2], the District Court referred this matter to the Magistrate Judge, with the written and verbal consents of Defendant, counsel for Defendant, and counsel for the United States.

Thereafter, the matter came before this Court for a hearing on Defendant's guilty plea, in full compliance with Rule 11, Federal Rules of Criminal Procedure, in open court and on the record.

In consideration of that hearing and the colloquy made by the Defendant under oath, on the record, in the presence of counsel, and the remarks of the Assistant United States Attorney,

**A. I make the following FINDINGS – that the Defendant understands:**

- ☒ That any false statements made by the Defendant under oath may later be used against him in a prosecution for perjury;
- ☒ The right to persist in a plea of not-guilty;
- ☒ The consequences of not being a United States citizen;
- ☒ The nature of the charges against the Defendant;

☒ The loss of certain federal benefits;

☒ The maximum possible sentence, including imprisonment, fine, supervised release, and any applicable mandatory minimum sentence;

☒ The Court's authority to order restitution;

☒ The mandatory special assessment;

☒ Any applicable forfeiture;

☒ The right to a speedy and public trial by jury;

☒ The right to be represented by counsel and, if necessary, to have the court appoint counsel at trial, and at every other stage of the proceedings;

☒ The right to: confront and cross-examine adverse witnesses, to remain silent, to testify and present evidence, and to compel the attendance of witnesses;

☒ That a plea of guilty operates as a waiver of trial rights;

☐ That the Defendant knowingly, intelligently, and voluntarily waives all right to appeal or collaterally attack (except on the grounds of ineffective assistance of counsel and the voluntariness of his plea) [1]; and

☒ That in determining a sentence, the court's obligation to calculate the applicable sentencing guideline range pursuant to the Sentencing Guidelines promulgated by the United States Sentencing Commission and to consider that range, as well as departures under the Sentencing Guidelines, and variances under 18 U.S.C. §3553(a).

**B. I further FIND:**

1. The Defendant is competent to enter an informed plea;
2. The Defendant is aware of his rights and has had the advice of legal counsel;

---

[1] Defendant entered his plea without a plea agreement. There was no waiver of any appellate rights.

3. That the plea of guilty by the Defendant has been knowingly and voluntarily made and is not the result of force, threats, or coercion;
4. There is no written plea agreement between the parties; however, the parties verbally agreed on the record to the following terms[2]:
    a. That Defendant will plead guilty to Count One of the Indictment, charging a violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), Possession of a Controlled Substance with Intent to Distribute, and admit to Forfeiture Allegation Two, and
    b. The government will dismiss after entry of Defendant's guilty plea Count Two of the Indictment, charging a violation of 18 U.S.C. § 924(c)(1)(A)(i), Possession of a Firearm in Furtherance of a Drug Trafficking Crime, and Forfeiture Allegation One; and
5. That there is a factual basis for the Defendant's plea.

**B. I RECOMMEND:**

☒ That the District Court accept the Defendant's plea of guilty to Count One of the Indictment, a violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), Possession of a Controlled Substance with Intent to Distribute.

☒ That the District Court accept the Defendant's admission to Criminal Forfeiture Allegation Two.

**D. IT IS ORDERED:**

That a Presentence Report be prepared by the U.S. Probation Office.
1. Any objection(s) to the presentence report shall be filed no later than fourteen (14) days after receiving the presentence report (Fed. R. Crim. P. 32(f)(1));

---

[2] The terms of the verbal agreement are also described in Defendant's Notice of Intent to Change Plea at Docket 84, and the government's Notice of Stipulated Facts for Proposed Change of Plea Hearing at Docket 87.

    2. Any sentencing memorandum shall be filed no later than seven (7) business days prior to sentencing (D.Ak. L.Cr.R. 32.1(d)).

The Sentencing hearing will be before a United States District Judge. The court excludes time from April 21, 2023, until the time of sentencing pursuant to 18 U.S.C. §3161(h)(1)(G) on the grounds that the District Judge will be considering the proposed plea agreement.

DATED this 21st of April 2023, at Anchorage, Alaska.

*s/* Kyle F. Reardon
KYLE F. REARDON
United States Magistrate Judge
District of Alaska

This Report and Recommendation is being issued as a Final Report and Recommendation. Pursuant to Fed. R. Crim P. 59(b)(3), any objections will be considered by the District Court Judge who will accept, reject, or modify the recommendation following de novo review. Any objections must be filed within seven (7) days from the date of service of this Report and Recommendation. The shortened objection deadline is due to the request of the District Court Judge. Fed. R. Crim P. 59(b)(2) and D. Ak. L.M.R. 6(a) authorizes the court to alter the standard objection deadlines.

Reports and recommendations are not appealable orders. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.[3]

---

[3] *See Hilliard v. Kincheloe*, 796 F.2d 308 (9th Cir. 1986).